IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HOLDT ANDREWS, KENNETH LANG and on behalf of all others similarly situated, | : | CIVIL ACTION |
| Plaintiffs, | | |
| vs | : | CASE NO. |
| ASSET ACCEPTANCE, LLC | | |
| Defendant. | : | JURY TRIAL DEMANDED |

## COMPLAINT

### PRELIMINARY STATEMENT

This action is instituted in accordance with and to remedy Defendant's violations of the Federal Fair Debt Collections Practices Act, 15 U.S.C. Sections 1692 et seq. (hereinafter "FDCPA"). Plaintiffs bring this action both individually on their own behalf and as a class action on behalf of all other persons similarly situated, to recover damages for themselves and to enjoin Defendant's unlawful conduct as it affects all other consumers residing within the United States.

The Fair Debt Collection Practices Act 15 U.S.C.S. § 1692 et seq., regulates and restricts the acquisition of information about debtors. 15 U.S.C.S. §§ 1692b, 1692c. It further prohibits conduct whose natural consequence is to harass, oppress, or abuse any person in connection with the collection of a debt. 15 U.S.C.S. § 1692d. And it bars the use of any false, deceptive, or misleading representation or means in connection with the collection of any debt, 15 U.S.C.S. § 1692e, while proscribing unfair or unconscionable means to collect or attempt to collect any debt. 15 U.S.C.S. § 1692f.

Defendant violates the FDCPA if they fail to convey information required by FDCPA; even if Defendant conveys required information, they nonetheless violate FDCPA when they convey that information in confusing or contradictory fashion so as to cloud the required message with uncertainty.

This action seeks redress for the illegal practices of Defendant, concerning the collection of debt, in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et. seq. ("FDCPA").

Defendant's mistreatment of Plaintiffs was in fact indiscriminate, occurring in the regular course of their debt collection business whereby Plaintiffs were treated in the same general manner as it treats other consumers who are the objects of its collection efforts.

Plaintiffs therefore seek hereby to recover actual, statutory, treble, and punitive damages on behalf of themselves individually, as well as declaratory and equitable relief on behalf of the class which they seek to represent, together with reasonable attorneys' fees and costs.

## JURISDICTION

1. Jurisdiction of this Court attains pursuant to the FDCPA, 15 U.S.C. § 1692k(d), and the doctrine of pendent jurisdiction.

## PARTIES

2. Plaintiff, Holdt Andrews ("Andrews") is a natural person who resides in Stroudsburg, Pennsylvania, and is a "consumer" as defined by 15 U.S.C. § 1692a(3).

3. Plaintiff, Kenneth Lang ("Lang") is a natural person who resides in Pompano Beach, Florida, and is a "consumer" as defined by 15 U.S.C. § 1692a(3).

4. Defendant, Asset Acceptance, LLC is believed to be a Delaware Limited Liability Company the principal purpose of whose business is the collection of debts, operating a debt

collection agency from its principal place of business at 30600 Telegraph Road, Suite 2345, Bingham Farms, MI 48025, regularly collects or attempts to collect debts owed or due or asserted to be owed or due another, and is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

5. Defendant is attempting to collect alleged consumer debts from Plaintiffs.

6. Plaintiffs have disputed the validity of the alleged debts with Defendant and requested verification.

7. Defendant responded to Plaintiffs' with a letter purporting to be debt validation but which provides nothing that supports the validity or truthfulness of Defendant's claim that Plaintiffs owe the alleged debts.

8. See a copy of the letter sent by Defendant to Plaintiff, Andrews on or about July 16, 2009 appended hereto and marked "**EXHIBIT A**".

9. See a copy of the letter sent by Defendant to Plaintiff, Lang on or about August 3, 2009 appended hereto and marked "**EXHIBIT B**".

10. Verification should include evidence to support or corroborate Defendant's claim that Plaintiffs owe a debt.

11. Defendant never provided any type of verification whatsoever.

12. Further, the aforementioned letter continues Defendant's attempt to collect the alleged debts despite insufficient debt validation or verification.

13. "**EXHIBIT A**" and "**EXHIBIT B**" are nothing more than glorified collection notices entitled "Debt Validation".

14. Defendant falsely represented "**EXHIBIT A**" and "**EXHIBIT B**" to be sufficient debt validation or verification.

15. Defendant failed to cease collection efforts until the alleged debts were validated or verified.

16. The "Debt Validation" letters sent by Defendant to Plaintiff, Andrews and Plaintiff, Lang are indicative of the normal course of Defendant's debt collection activity.

17. As a result of the foregoing harassing acts of Defendant, and in order to punish them for outrageous and unlawful conduct as well as to deter it from committing similar acts in the future as part of its debt collection efforts, Plaintiffs are entitled to recover punitive damages in an amount to be proven at trial.

## CLASS ACTION

18. This action is maintained as a class action on behalf of the following described class: all consumers residing in the United States who, commencing one year before the date of filing of this *Complaint*, have been or will be the objects of Defendant's unlawful debt collection efforts.

19. This action is appropriately maintained as a class action as the class is so numerous that joinder of all members is impracticable, there are questions of law or fact common to the class, the claims of the representative party are typical of the claims of the class, and the representative party will fairly and adequately protect the interests of the class; in addition, Defendant has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

20. Unless Defendant is enjoined and restrained from continuing the foregoing illegal practices, Plaintiffs and the class whom they represents will suffer substantial and irreparable injury for which they have no adequate remedy at law.

## CAUSES OF ACTION

*COUNT I*
*VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT*
PLAINTIFF V. DEFENDANT

21. The foregoing paragraphs 1 through 18 are incorporated herein as if more fully set forth hereafter.

22. The foregoing acts and omissions of Defendant constitute violations of the FDCPA, including, but not limited to:

   a. §1692d using conduct the natural consequence of which is to harass the Plaintiffs;

   b. §1692e providing false, deceptive and misleading representations in a written communication;

   c. §1692e(2) falsely representing the character, amount or legal status of the alleged debts;

   d. §1692e(10) using any false representation or deceptive means to collect an the alleged debts;

   e. §1692f using unfair and unconscionable means to collect a debt;

   f. §1692f(1) attempting to collect any amount not permitted by the law;

   g. §1692g(b) failing to cease collection efforts until the alleged debt is validated.

23. Plaintiffs are entitled to recover actual damages, statutory damages, reasonable attorney's fees, and costs.

### JURY DEMAND

Plaintiffs hereby demand trial by jury on all issues so triable.

**WHEREFORE**, Plaintiffs prays that this Honorable Court grant the following relief:

1. Enter an order certifying this action as a class action.

2. Enter injunctive and corresponding declaratory relief establishing the foregoing conduct of Defendant to be unlawful, enjoining Defendant from continuing to engage in said conduct, and granting such additional equitable relief as may be appropriate, including ordering Defendant to disgorge itself of all ill-gotten and illegal sums which it has collected as a result of its unlawful conduct.

3. Award actual damages.

4. Award punitive damages.

5. Award statutory damages.

6. Award treble damages.

7. Award reasonable attorney's fees.

8. Award costs.

9. Grant such other and further relief as it deems just and proper.

Respectfully submitted,

WARREN & VULLINGS, LLP

Date: September 22, 2009

BY: /s/ Bruce K. Warren
BY: /s/ Brent F. Vullings
Bruce K. Warren, Esquire
Brent F. Vullings, Esquire
Warren & Vullings, LLP
1603 Rhawn Street
Philadelphia, PA 19111
215-745-9800   Fax 215-745-7880
Attorney for Plaintiff